IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3182-FL

ROGER LEE DEAL, SR.,                )
                                    )
              Plaintiff,            )
                                    )
      v.                            )          ORDER
                                    )
CENTRAL PRISON HOSPITAL, et al.,    )
                                    )
              Defendants.           )

This matter comes before the court on the motion for summary judgment (DE # 21) filed by

defendant Nurse Samuels ("Nurse Samuels") and the motion to dismiss (DE # 25) filed by defendant

Dr. Gabriel Kyerematen ("Dr. Kyerematen"). The motions have been fully briefed, and the issues

raised are ripe for adjudication. For the following reasons, Nurse Samuels' motion is granted, and

Dr. Kyerematen's motion is granted in part and denied in part.

## STATEMENT OF THE CASE

On November 9, 2009, plaintiff brought this action pursuant to 42 U.S.C. § 1983 against

Central Prison Hospital, Nurse Samuels, and Dr. Kyerematen. Plaintiff alleges that Nurse Samuels

and Dr. Kyerematen acted with deliberate indifference to his serious medical needs in violation of

the Eighth Amendment to the United States Constitution. Plaintiff also alleges a state law claim for

negligence. Plaintiff requests both monetary and injunctive relief.

The court dismissed plaintiff's claims against Central Prison Hospital on February 11, 2010,

but allowed plaintiff's action to proceed against Nurse Samuels and Dr. Kyerematen. On June 10,

2010, Nurse Samuels filed a motion for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies for his claim against her before filing this action. On June 11, 2010, Dr. Kyerematen filed a motion to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted as to his Eighth Amendment deliberate indifference claim. Dr. Kyerematen also argues that plaintiff's state law negligence claim should be dismissed because plaintiff failed to comply with the pre-filing certification requirements for medical malpractice claims under North Carolina Rule of Civil Procedure 9(j). Finally, Kyerematen argues that plaintiff did not state a claim for injunctive relief. Plaintiff filed a response to both motions on July 6, 2010.

## STATEMENT OF FACTS

The court views the facts in the light most favorable to plaintiff as the non-moving party. Plaintiff, an inmate at Maury Correctional Institution ("Maury"), states that on December 15, 2008, he was transferred from Maury to the Raleigh-Durham hospital to have his right hip replaced. After the surgery, Dr. Fredrick Benadick ("Dr. Benadick") informed plaintiff that he had an infection and that he would require intravenous ("IV") antibiotic treatment for six weeks.

Plaintiff states that Dr. Benadick prescribed him two Percocet every four hours. Plaintiff states that he also was taking four hundred (400) milligrams of Tramadol and three thousand six hundred (3,600) milligrams of Neurontin for his severe back pain, which emanated from a failed back fusion and a compression fracture in the upper part of his back and degenerative disk disease. Plaintiff also states that his right leg swelled after surgery and that his left leg was in severe pain.

On December 18, 2008, plaintiff was transferred to Central Prison for the duration of his six-week antibiotic treatment. Plaintiff was treated by Dr. Kyerematen while he was housed at Central Prison. According to plaintiff, Dr. Kyerematen reduced his Percocet dosage to two Percocet every

2

eight hours. Plaintiff states that Dr. Kyerematen also reduced his Tramadol to one per night, and cut

his Neurontin to eighteen hundred (1,800) milligrams per day. Plaintiff states that he informed Dr.

Kyerematen that most of his prescribed medication was for his back pain, and that he was in severe

back pain. Plaintiff also informed Dr. Kyerematen that both of his legs hurt and twitched from the

reduction in his Neurontin. Plaintiff also alleges that he suffered nerve damage.

Plaintiff states that he was treated by the night shift nurse, Nurse Samuels, while he was at

Central Prison. Plaintiff states that Nurse Samuels administered his IV antibiotic treatment. Plaintiff

states that one evening, Nurse Samuels failed to activate his IV antibiotic with Sodium Chloride.

When plaintiff attempted to inform her that the antibiotic had to be activated before infusion into his

IV, Nurse Samuels responded that he was not a doctor and did not know what he was talking about.

Plaintiff states that Nurse Samuels' refusal to infuse his antibiotic with Sodium Chloride caused his

veins to burn and caused brain damage. Plaintiff requests both monetary and injunctive relief.

## DISCUSSION

A.    Nurse Samuel's Motion for Summary Judgment

    1.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v.

Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden

of initially coming forward and demonstrating an absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material

fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

3

(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

      2.      Analysis

Nurse Samuels raises the affirmative defense of failure to exhaust administrative remedies. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

The evidence in the record demonstrates that petitioner filed nine grievances on or after December 1, 2008. (Couch Aff. ¶ 3.) Plaintiff does not name Nurse Samuels in any of the grievances. However, the NCDOC does not require a plaintiff to name each defendant in his grievances. See Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008); cf. Jones, 549 U.S. at 219 ("[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievance."). Rather, the North Carolina Department of Correction Administrative Remedy

4

Procedure requires that a prisoner submit a "Grievance Statement" and the desired remedy on a Form DC-410. See NCDOC ARP § .0310(a); see also Moore, 517 F.3d at 725.

Although the failure to name Nurse Samuels in his grievances does not act as a bar to plaintiff's claim, the record also indicates that none of his grievances contain any complaint about the administration of his IV. One of the main purposes of a prison grievance system is to allow administrators a fair opportunity to address the problem that will later form the basis of suit. Jones, 549 U.S. at 219; Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004); Moore, 517 F.3d at 729. To accomplish this goal, an inmate is required to allege conduct that will later be challenged in the civil lawsuit. See Moore, 517 F.3d at 729; Harris v. Commonwealth, 2008 WL 1869279, at *4 (E.D. Va. Apr. 24, 2008); Jackson v. Hopper, 2007 WL 4320741, at *1 (M.D.N.C. Jan. 25, 2007).

By failing to complain about the administration of his IV antibiotics, plaintiff did not allege facts in his grievances to allow prison administrators a fair opportunity to address his alleged complaints with Nurse Samuels. Thus, the court concludes that plaintiff did not exhaust available administrative remedies for his Eighth Amendment claim against Nurse Samuels. Because plaintiff failed to exhaust his administrative remedies before bringing his claim against Nurse Samuels, her motion is GRANTED and plaintiff's action against her is DISMISSED without prejudice.

B.    Dr. Kyerematen's Motion to Dismiss

    1.    Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

5

face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

1.      Analysis

The court turns first to plaintiff's claim for deliberate indifference. To state an Eight Amendment deliberate indifference claim, a plaintiff must establish that a prison official was deliberately indifferent to a serious condition, medical need, or risk of harm. See Short v. Smoot, 436 F.3d 422, 427 (4th Cir. 2006). "[A] plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The first prong is an objective one — the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' " — while the second prong is subjective — the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " Id. (citations omitted).

In light of the exceedingly generous standard this court must use in evaluating *pro se* complaints alleging civil rights violation, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

6

curiam); <u>Brown v. N.C. Dep't of Corrs.</u>, 612 F.3d 720, 722 (4th Cir. 2010), the court finds sufficient factual matter to permit plaintiff's deliberate indifference claim to proceed. Plaintiff alleges that Dr. Kyerematen's dramatic reduction in the medication prescribed to plaintiff led to severe pain and nerve damage, and that Dr. Kyerematen made these changes to his prescriptions despite being informed of this pain by plaintiff. Such allegations are sufficient to raise a plausible inference of both a serious deprivation of a basic human need and deliberate indifference on the part of Dr. Kyerematen. <u>See also</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994) (holding that deliberated indifference is shown where a prison official actually knows of and disregards a serious condition, medical need, or risk of harm). Accordingly, Dr. Kyerematen's motion to dismiss this claim for failure to state a claim upon which relief may be granted is DENIED.

The court next turns to plaintiff's state law medical negligence claim. North Carolina imposes substantive legal requirements that a person must follow to pursue a medical malpractice claim. <u>See</u> N.C. R. Civ. P. 9(j). Under North Carolina Rule of Civil Procedure 9(j), a plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. <u>See</u> N.C. R. Civ. P. 9(j)(1), (2). Alternatively, the complaint must allege facts establishing negligence under the common-law doctrine of res ipsa loquitur. <u>See</u> N.C. R. Civ. P. j(3). Failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim brought in federal court. <u>See, e.g.</u>, <u>Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc.</u>, 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); <u>Frazier v. Angel Med. Ctr.</u>, 308 F. Supp.

2d 671, 676 (W.D.N.C. 2004); <u>Moore v. Pitt County Mem'l Hosp.</u>, 139 F. Supp. 2d 712, 713 (E.D.N.C. 2001).

Plaintiff's complaint fails to allege that he obtained certification from an expert willing to testify that his treating medical personnel did not comply with the applicable standard of care. Further, the doctrine of res ipsa loquitur "is allowed only when the occurrence clearly speaks for itself." <u>Diehl v. Koffer</u>, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000); see, e.g., <u>Tice v. Hall</u>, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body); <u>Schaffner v. Cumberland County Hosp. Sys., Inc.</u>, 77 N.C. App. 689, 691-93, 336 S.E.2d 116, 118-19 (1985) (patient's hand burned during ear surgery); <u>Hyder v. Weilbaecher</u>, 54 N.C. App. 287, 292, 283 S.E.2d 426, 429 (1981) (stainless steel wire left in patient). The evidence alleged by plaintiff is insufficient to invoke the doctrine of res ipsa loquitur. Because plaintiff fails to meet the requirements of Rule 9(j), Dr. Kyerematen's motion to dismiss plaintiff's state law claim for medical malpractice is GRANTED.

Finally, the court turns to plaintiff's request for injunctive relief. Dr.Kyerematen treated plaintiff while plaintiff was incarcerated at Central Prison. Plaintiff subsequently was transferred from Central Prison, and now is incarcerated in Maury Correctional Institution. Because plaintiff no longer is incarcerated at Central Prison where Dr. Kyerematen treated him, there is no case or controversy that would justify the equitable relief sought against Dr. Kyerematen. <u>See, e.g.</u>, <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 105-06 (1983). For these reasons, DR. Kyerematen's motion to dismiss plaintiff's request for injunctive relief is GRANTED.[*]

---

[*] The court has received a letter from plaintiff dated October 14, 2010, which details several additional complaints regarding his medical care. Plaintiff's letter presents many allegations that are conclusory, that are unrelated to the action before the court, and that may not have been exhausted. Accordingly, the court takes this opportunity to

8

## CONCLUSION

Based upon the foregoing, Nurse Samuels' motion for summary judgment (DE # 21) is GRANTED, and plaintiff's claim against Samuels is dismissed without prejudice to allow him the opportunity to exhaust his administrative remedies. Dr. Kyerematen's motion to dismiss (DE # 25) is GRANTED in part and DENIED in part. Kyerematen's motion is granted with respect to plaintiff's state law medical malpractice claim and plaintiff's request for injunctive relief. Kyerematen's motion is denied with respect to plaintiff's remaining claims. The Clerk of Court is DIRECTED to issue an initial order in this action.

SO ORDERED, this the 27 day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

notify plaintiff that these allegations are not part of this action, and that only the allegations raised in plaintiff's complaint are part of this action.

The court additionally notifies plaintiff that the only way to add a claim to his action is through a properly filed motion to amend pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff is cautioned that any amended complaint must comply with Federal Rule of Civil Procedure 8, which requires " . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(2). Further, any amended complaint should contain only claims that plaintiff has exhausted pursuant to 42 U.S.C. § 1997e(a). Finally, any amended complaint should specifically name the party responsible for his alleged deprivation, the injury stemming from the parties' actions or inactions, and the alleged facts to support his claim.

9